UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TONYA POWELL,

                                    Plaintiff,

v.                                                                    3:11-CV-1432 (GTS/DEP)
                                                                      (Lead Case)

ARTHUR R. JOHNSON, Comm'r of Dep't of Soc.
Servs., in his official capacity; and DONNA MURCO,
in her official and individual capacity,

                                    Defendants.

_____

TONYA POWELL,

                                    Plaintiff,

v.                                                                    3:11-CV-1471 (GTS/DEP)
                                                                      (Member Case)

TONY NICELY, Geico Ins., in his official capacity;
GEOFFREY MILLS, in his official and individual
capacity; BRUCE JAQUAY, in his official and
individual capacity; ELWIN HOYT, SR., in his official
and individual capacity; GITHESH RAMAMURTHY,
CCC Info. Servs., in his individual capacity,

                                    Defendants.

_____

APPEARANCES:

TONYA POWELL
    Plaintiff, *Pro Se*
26 Meadow Street
Binghamton, New York 13905

GLENN T. SUDDABY, United States District Judge

<u>**MEMORANDUM-DECISION and ORDER**</u>

Currently before the Court in the two above-captioned consolidated *pro se* civil rights actions filed by Tonya Powell ("Plaintiff") are the following: (1) Plaintiff's motions to proceed *in forma pauperis* in both actions; (2) the Report-Recommendation of United States Magistrate David E. Peebles recommending that (a) Plaintiff's Complaints in both actions be *sua sponte* dismissed in their entirety with prejudice for failure to state a claim and frivolousness pursuant to 28 U.S.C. § 1915(e)(2)(b), and lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), and (b) Plaintiff be directed to show cause as to why she should not be barred from filing any future *pro se* actions in the Court without first obtaining leave of the Court (Dkt. No. 4); and (3) Plaintiff's Objection to the Report-Recommendation and response to the Order to Show Cause (Dkt. No. 5).  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Plaintiff's Complaints are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b); Plaintiff's motions to proceed *in forma pauperis* are denied as moot and unsupported by a showing of cause; and the Clerk of the Court is directed to forward this case to Chief United States District Judge Gary L. Sharpe with the recommendation of the undersigned that an Anti-Filing Injunction Order be issued against Plaintiff.

## I.     RELEVANT BACKGROUND

### A.     *Powell v. Johnson*, 11-CV-1432 (N.D.N.Y.) ("Lead Case")

On December 8, 2011, Plaintiff filed her Complaint in *Powell v. Johnson*, 11-CV-1432 (N.D.N.Y.) (hereinafter "the lead case").  (Dkt. No. 1.)  Generally, construed with the utmost of special liberality, Plaintiff's Complaint in the lead case alleges that Defendants violated her rights under the Fourth, Fifth, Ninth, and Fourteenth Amendments when they conducted a

negligent or reckless investigation of her (regarding a third party's false claim against her of

child abuse), and reported her name to New York State's Central Register of Child Abuse and

Maltreatment, causing her to not be able to supplement her income by receiving children for

daycare.  (*Id*.)  For a more detailed recitation of Plaintiff's claims and factual allegations in

support thereof, the Court refers the reader to the Complaint in its entirety and to Magistrate

Judge Peebles' Report-Recommendation, which accurately summarizes that Complaint.  (Dkt.

No. 1; Dkt. No. 4, at Part III.A.)

> **B.**     ***Powell v. Nicely*, 11-CV-1471 (N.D.N.Y.) ("Member Case")**

On December 16, 2011, Plaintiff filed her Complaint in *Powell v. Nicely*, 11-CV-1471

(N.D.N.Y.) ("member case").  (Dkt. No. 1.)  Generally, construed with the utmost of special

liberality, Plaintiff's Complaint in the member case asserts a claim for breach of the implied

covenant of good faith and fair dealing arising out of Defendants' payment of an automobile

insurance claim by Plaintiff, which allegedly caused her to lose $3,144.  For a more detailed

recitation of Plaintiff's claims and factual allegations in support thereof, the Court refers the

reader to the Complaint in its entirety and to Magistrate Judge Peebles' Report-

Recommendation,  which accurately summarizes that Complaint.  (Dkt. No. 1; Dkt. No. 4, at Part

IV.A.)

> **C.**     **Magistrate Judge Peebles' Report-Recommendation**

On January 9, 2012, Magistrate Judge Peebles issued a Report-Recommendation.  (Dkt.

No. 4.)  Generally, Magistrate Judge Peebles' Report-Recommendation recommends that

Plaintiff's Complaint in the lead case be *sua sponte* dismissed with prejudice for failure to state a

claim and frivolousness pursuant to 28 U.S.C. § 1915(e)(2)(b) based on, *inter alia*, immunity

under New York Social Services Law § 419, the doctrine of qualified immunity, lack of personal

involvement, and simple lack of actionability.  (Dkt. No. 4, at Part III.)  Furthermore, Magistrate

Judge Peebles' Report-Recommendation recommends that Plaintiff's Complaint in the lead case

be *sua sponte* dismissed with prejudice for lack of subject-matter jurisdiction pursuant to Fed. R.

Civ. P. 12(h)(3) and 28 U.S.C. § 1332, because Plaintiff has failed to allege facts plausibly

suggesting that diversity or citizenship exists, and she has alleged facts plausibly suggesting that

the amount in controversy is less than $75,000.  (*Id*. at Part IV.)  Finally, Magistrate Judge

Peebles' Report-Recommendation recommends that be directed to show cause as to why she

should not be barred from filing any future *pro se* actions in the Court without first obtaining

leave of the Court, based on his detailed analysis of her lengthy filing history in this District.

(*Id*. at 2, 4, nn.1, 4-5, & Part VI.)

> ### D.      Plaintiff's Objection to the Report-Recommendation, and Response to the Order to Show Cause

On January 17, 2012, Plaintiff filed an Objection to the Report-Recommendation, and a

response to the Order to Show Cause.  (Dkt. No. 5.)  Generally, in her submission, Plaintiff

argues that she filed all of her previous actions a good-faith effort to "seek[] justice," and that

she "accomplished what she wanted" through some of them, and "will continue [the] battle"

begun in others.  (*Id*.)

## II.    STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-

recommendation, the Court subjects that portion of the report-recommendation to a *de novo*

review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection

must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or

report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1]

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28

U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary

material that could have been, but was not, presented to the magistrate judge in the first

instance.[2]

When only a *general* objection is made to a portion of a magistrate judge's

report-recommendation, the Court subjects that portion of the report-recommendation to only a

*clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee

Notes: 1983 Addition.[3] Similarly, when an objection merely reiterates the *same arguments* made

---

[1]       *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)
("Although Mario filed objections to the magistrate's report and recommendation, the statement
with respect to his Title VII claim was not specific enough to preserve this claim for review. The
only reference made to the Title VII claim was one sentence on the last page of his objections,
where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set
forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.'
This bare statement, devoid of any reference to specific findings or recommendations to which
he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title
VII claim.").

[2]       *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In
objecting to a magistrate's report before the district court, a party has no right to present further
testimony when it offers no justification for not offering the testimony at the hearing before the
magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v.
Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its
discretion in denying plaintiff's request to present additional testimony where plaintiff "offered
no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v.
Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the
district court to conduct a second hearing whenever either party objected to the magistrate's
credibility findings would largely frustrate the plain objective of Congress to alleviate the
increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory
Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary
evidentiary hearing is required.").

[3]       *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y.
Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir.
1999).

by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.   ANALYSIS

Even when Plaintiff's submission of January 17, 2012, is construed with the utmost of special liberality, that submission does not specifically challenge the Report-Recommendation's finding that Plaintiffs' Complaints in the two above-captioned actions should be dismissed.  As a result, the Court reviews the Report-Recommendation for only clear error, as described above in Part II of this Decision and Order.

---

[4]     *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5]     *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After carefully reviewing the relevant filings in this action, the Court can find no clear error in the Report-Recommendation.  Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (Dkt. No. 4.)  As a result, Magistrate Judge Peebles' Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.  (*Id*.)

The Court adds three brief points.  First, even if Plaintiff's submission of January 17, 2012, could somehow be construed as specifically challenging the Report-Recommendation's finding that Plaintiffs' Complaints in the two above-captioned actions should be dismissed, Magistrate Judge Peebles' thorough and correct Report-Recommendation would survive even a *de novo* review.

Second, rather than demonstrate to the Court that Plaintiff should not be barred from filing future *pro se* actions in this Court without prior leave, Plaintiff's response to the Court's Order to Show Cause persuades the Court that Plaintiff will, if unchecked, continue to file meritless *pro se* actions in this Court in a vexatious manner.

Third, and finally, Plaintiff's motions to proceed *in forma pauperis* in both actions are denied as moot, given the dismissal of her Complaints in both actions.  Even if the Court were to reach the merits of those motions, the Court would deny them as usupported by a showing of cause due to their incompleteness, for the reasons stated by Magistrate Judge Peebles in note 4 of his Report-Recommendation.  (Dkt. No. 4, at 4-5, n.4.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 4) is **<u>ACCEPTED</u>** and **<u>ADOPTED</u>** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaints in both of the two above-captioned actions are *sua sponte* **DISMISSED** in their entirety **with prejudice** for failure to state a claim and frivolousness pursuant to 28 U.S.C. § 1915(e)(2)(b) and lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3); and it is further

**ORDERED** that Plaintiff's motions to proceed in forma pauperis in both actions are **DENIED** as moot and unsupported by a showing of cause; and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment in favor of Defendants and close both actions; and it is further

**ORDERED** that the Clerk of the Court is directed to forward this case to Chief United States District Judge Gary L. Sharpe with the recommendation of the undersigned that an Anti-Filing Injunction Order be issued against Plaintiff.

Dated: September 12, 2012
           Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge